# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00228-MR-DLH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**2825 MUDCUT ROAD, Marion,** )<br>**McDowell County, North Carolina,** )<br>**as described in a Deed at Book 1022,** )<br>**Page 423-25, McDowell County** )<br>**Registry, being real property,** )<br>**together with the residence, and** )<br>**all appurtenances, improvements,** )<br>**and attachments thereon,** )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Response to the Order to Show Cause [Doc. 16] and the Government's Motion to Strike Claim [Doc. 17].

## I. PROCEDURAL BACKGROUND

On August 14, 2013, the Government initiated this civil forfeiture action pursuant to 18 U.S.C. §§ 981, 983, 985, and 21 U.S.C. § 881 against the defendant property. [Doc. 1]. The Government posted notice of this civil forfeiture action for a period of 30 consecutive days, beginning

on August 22, 2013, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [Doc. 8]. Additionally, the Government provided direct notice to Roy Leonard Calhoun and Beulah Bright Calhoun, who were identified in the Verified Complaint as the record owners of the defendant property. [See Docs. 11-1, 11-2].

Roy Leonard Calhoun filed a Claim of Ownership on September 26, 2013, attempting to assert a claim on behalf of himself and Beulah Bright Calhoun, whom he identified as his stepmother. [Doc. 5]. On October 4, 2013, the Court entered an Order directing Roy Leonard Calhoun to file an amended claim, signed under penalty of perjury, within fourteen days. [Doc. 6]. When Roy Leonard Calhoun failed to comply with the Court's directive, the Court dismissed his claim. [Doc. 7].

On January 10, 2014, the Government filed a motion seeking the entry of default against all persons and entities, including Ms. Calhoun. [Doc. 11]. The Clerk of Court entered default against Ms. Calhoun on January 13, 2014. [Doc. 12].

The Government subsequently moved for default judgment. In reviewing the record, the Court discovered that in seeking the entry of default against Ms. Calhoun, the Government had submitted a notarized

2

document received from her on October 18, 2013, in which she claimed an interest in the defendant property.  Based on this documentation, the Court vacated the entry of default against Ms. Calhoun, directed the Clerk to file Ms. Calhoun's claim as of October 18, 2013, and directing Ms. Calhoun to file an answer to the Complaint or file a motion to dismiss the Complaint within thirty (30) days.  Ms. Calhoun was specifically advised that "failure to file an answer or motion to dismiss may result in the dismissal of her claim." [Doc. 14 at 9].  In the Order, the Court further directed the Government to show cause in writing why counsel should not be sanctioned for failing to notify the Court of Ms. Calhoun's October 18, 2013 communication and for seeking the entry of default against Ms. Calhoun in this matter.  [Id.].

The Government filed a Response to the Show Cause Order on February 11, 2014.  [Doc. 16].  On May 8, 2014, the Government filed a Motion to Strike Ms. Calhoun's Claim on the grounds that she failed to answer or move to dismiss the Complaint as instructed by the Court.  [Doc. 17].  Ms. Calhoun has not responded to the Government's Motion to Strike.

## II. DISCUSSION

More than thirty (30) days has passed since the entry of the Court's Order directing Ms. Calhoun to respond to the Government's Complaint, and she has failed to do so. Further, Ms. Calhoun has not responded to the Government's Motion to Strike. In light of Ms. Calhoun's failure to respond to the Government's Complaint as ordered, and her failure to respond to the Government's Motion to Strike, the Court will strike Ms. Calhoun's Claim.

The Court now turns to the issue of whether sanctions should be imposed against counsel for the Government for failing to notify the Court of Ms. Calhoun's claim and for seeking the entry of default against Ms. Calhoun in this matter. In its Response to the Order to Show Cause, counsel for the Government asserts that "all matters concerning Ms. Calhoun were properly disclosed to the Court by the undersigned" and asks that sanctions not be imposed. [Doc. 16 at 3]. While counsel is technically correct that Ms. Calhoun's claim was submitted to the Court, this was done only by attaching it to a Government letter included in a thirteen-page exhibit filed in support of the Government's motion for entry of default. [See Doc. 11-2 at 1-2]. The motion for entry of default makes no specific mention of the Government receiving a verified claim from Ms. Calhoun

4

and in fact represents that no such claims were made. [See id. at 2-3 ("More than thirty-five (35) days have elapsed since notice by publication and notice to known potential claimants, and no party has filed a Claim….")]. To say that Ms. Calhoun's claim was "properly submitted" to the Court when such claim was buried in a stack of exhibits submitted in support of a motion seeking the entry of default against her is disingenuous at best. Nevertheless, in light of counsel's stated willingness in the future to forward any *pro se* correspondence evidencing an attempt or desire to file a claim in a forfeiture case to the Clerk of Court before seeking entry of default, the Court in the exercise of its discretion will not impose sanctions in this matter. Accordingly, the Order to Show Cause is hereby discharged.

**IT IS, THEREFORE, ORDERED** that the Order to Show Cause [Doc. 14] is hereby **DISCHARGED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Strike Claim [Doc. 17] is **GRANTED**, and the Claim filed by Beulah Bright Calhoun [Doc. 15] is hereby **STRICKEN**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge